UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY

    Plaintiff,

vs.                                         Case No.: 6:24-cv-01416

LN APARTMENTS, LLC, a Florida limited liability company, PORTRAIT CONSTRUCTION OF FLORIDA, INC., a Florida corporation, ARMSTRONG AIR & ELECTRIC, INC., a Florida corporation, BARRIOS ROOFING & WATERPROOFING, LLC, a Florida limited liability company, BFARR EXTERIORS, LLC, a Florida limited liability company, CEMPLEX GROUP FLORIDA, LLC, a Florida limited liability company, EXPRESS PLUMBING, INC., a Florida corporation, FLORIDA CONSTRUCTION & FRAMING, LLC, a Florida limited liability company, and SOUSA CABINETS, INC., a Florida corporation; KP'S CONTRACT FLOORING, LLC, a Florida limited liability company,

    Defendants.
_____/

## DEFENDANT, EXPRESS PLUMBING, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant, EXPRESS PLUMBING, INC. ("EXPRESS"), by and through undersigned counsel, and pursuant to Rules 8, 10 and 12(b)(1), hereby moves to dismiss Plaintiff's Amended Complaint, and in support thereof, states as follows:

1. Plaintiff, Crum & Forster Specialty Insurance Company (C&F) filed its Complaint for Declaratory Relief in this case against various Defendants, including EXPRESS, on August 1, 2024. (D.E. 1)

2. EXPRESS was served on September 30, 2024. (D.E. 13)

3. EXPRESS previously filed a Motion to Stay or Dismiss the case (D.E. 35), which has since been denied as moot after C&F filed an Amended Complaint. (D.E. 98) However, the allegations of C&F's Amended Complaint are substantially unchanged from the Original Complaint. The Amended Complaint was filed solely to add an additional subcontractor defendant.

4. In the Amended Complaint, C&F seeks declarations of this Court that no coverage exists and it therefore has no duty to defend or indemnify EXPRESS or various other Defendants in an underlying and ongoing state court action pursuant to an Owner Controlled Insurance Program (OCIP) and Commercial General Liability (CGL) Policy and Excess Policy that C&F issued to insure the construction project at issue in the underlying state court action.

5. C&F alleges it is currently defending EXPRESS and other various co-defendants in the underlying state court action pursuant to a reservation of rights. (Amd. Complaint ¶ 37)

6. C&F's Amended Complaint contains two Counts, entitled "Count I- No Coverage under the Course of Construction Exclusion" and "Count II- No Property Damage Caused by an Occurrence." (Amd. Complaint ¶¶ 42-47) Each Count presumably applies to a certain set of claims asserted in the operative complaints in the underlying state court action. Both counts seek a declaration that there is no duty to defend *or to indemnify* EXPRESS and various co-defendants against said claims in the underlying state court action.

7. C&F's Amended Complaint is due to be dismissed for two reasons:

    a. First, to the extent that C&F seeks a declaration regarding its duty to indemnify EXPRESS or its various co-defendants in the underlying state court action, such claim is not yet ripe for adjudication because the underlying case is still ongoing and lability has not yet been established.

    b. Second, each Count commingles requests for relief regarding the separate and distinct duty to defend and duty to indemnify, and therefore, such claims should be pled and asserted in separate counts.

## **LEGAL MEMORANDUM AND ARGUMENT**

The Declaratory Judgment Act provides that '[i]n a case of actual controversy," a federal court, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A "case of actual controversy" in § 2201(a) refers to the type of "Cases" and "Controversies" justiciable under Article III of the United States Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007). "In all cases arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1988), the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (footnote and citation omitted.) To determine whether there is a case of actual controversy, courts look to "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc.*, 549 U.S. at 127 (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941)).

A necessary component of a justiciable controversy is that the case be ripe for adjudication. Ripeness "goes to whether [a] district court ha[s] subject matter jurisdiction to hear the case." *Dig. Properties, Inc. v. City of Plantation*, 121 F.3d

586, 591 (11th Cir. 1997)(citation omitted.) The ripeness requirement applies to cases brought pursuant to the Declaratory Judgment Act. *Smith v. Casey*, 741 F.3d 1236, 1244-45 (11th Cir. 2014); *Vandenbrink v. Voneschen*, 542 F. App'x 728, 730 (11th Cir. 2013). To be ripe, the case must not be dependent on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Trump v. New York*, 141 S. Ct. 530, 208 L. Ed. 2d 365 (2020), quoting *Texas v. United States*, 523 U.S. 296, 300, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998) (internal quotation marks omitted). Article III's "ripeness doctrine protects federal courts from engaging in speculation or wasting resources through the review of potential or abstract disputes." *Dig. Properties, Inc.*, 121 F.3d at 589.

With regard to insurance coverage actions, "[c]ase law is legion for the proposition that an insurer's duty to indemnify is not ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action." *Penn. Nat. Mut. Cas. Ins. Co. v. King*, No. 11-0577-WS, 2012 U.S. Dist. LEXIS 11228, 2012 WL 280656, at *5 (S.D. Ala. Jan. 30, 2012) (collecting cases). As the former Fifth Circuit has stated: "no action for declaratory relief will lie to establish an insurer's liability ... until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize." *Allstate Ins. Co. v. Emp'rs Liab. Assur. Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971). Although this has been characterized as *dicta*, the

Eleventh Circuit has held in unpublished opinions that "[t]he duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims." *J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014); *see also Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019).

Here, it is clear from the Complaint's allegations that the underlying state court action is still ongoing and there has been no final adjudication, judgment or settlement of the claims asserted against EXPRESS or the other various co-defendants. As such, a ruling on the duty to indemnify is premature and these claims should be dismissed for lack of subject matter jurisdiction, or alternatively, stayed pending a resolution of liability in the underlying state court action. *Am. Nat'l Fire Ins. Co. v. M/V Seaboard Victory*, No. 08-21811, 2009 U.S. Dist. LEXIS 30438, 2009 WL 812024 at *1 (S.D. Fla. Mar. 17, 2009) ("It is well-settled . . . that because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim. To that end, an insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit.") (internal citations, quotation marks & footnotes omitted); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Florida Crystals Corp.*, 14-81134-CIV, 2015 U.S. Dist. LEXIS 186068, 2015 WL 11422288, at *1 (S.D. Fla. Aug. 5, 2015)

("Where a district court is faced with a claim calling for the premature adjudication of a duty to indemnify, a stay is warranted.").

Furthermore, C&F has impermissibly commingled claims for determination of the duty to defend and the duty to indemnify under Counts I & II. Under Florida law, "an insurer's duty to defend is separate and distinct from its duty to indemnify." *Mid-Cont. Cas. Co. v. Am. Pride Bldg. Co. LLC*, 601 F. 3d 1143, 1148 (11th Cir. 2010). Federal Rule of Civil Procedure 10(b) requires separate claims to be stated in separate counts "when doing so would promote clarity." Furthermore, it makes sense to separate the claims where the duty to indemnify is not yet ripe and those claims will potentially be stayed. *See Wesco Ins. Co. v. Ameriland Servs.*, LLC, No. 23-CV-62145-DAMIAN, 2024 U.S. Dist. LEXIS 66352, at *11 (S.D. Fla. Apr. 11, 2024) ("the Court agrees that it makes sense to separate out the claims for clarity in light of the fact the indemnity claims are not ripe and will be stayed. Therefore, the Court grants Ameriland's Motion to Dismiss and will permit Wesco leave to replead its claims with the duty to defend claims separate from the duty to indemnify claims, which will then be stayed."). To the extent the Court is inclined to entertain a stay or abatement of the duty to indemnify issues, the Court should dismiss C&F's Amended Complaint without prejudice to allow C&F to replead its claims in separate counts, after which the counts related to the duty to indemnify should be stayed.

## CONCLUSION

In accordance with the forgoing, Defendant EXPRESS respectfully requests an order of this Court dismissing Counts I &II without prejudice to the extent they request a declaration related to the duty to indemnify, or alternatively, dismissing Plaintiff's Complaint without prejudice in its entirely, granting leave for Plaintiff to replead its duty to defend and duty to indemnify claims separately, after which, the duty to indemnify claims should be stayed or abated pending resolution of liability in the underlying state court action.

/s/ Kayla M. Scarpone_____

Davisson F. Dunlap, III
Florida Bar Number 0509061
Kayla M. Scarpone
Florida Bar Number 0113606
DUNLAP & SHIPMAN, P.A.
2065 Thomasville Road, Suite 102
Tallahassee, FL  32308-0733
850-385-5000
850-385-7636  Facsimile
**Emails designated for service:**
Primary:   davissoniii@dunlapshipman.com
             kayla@dunlapshipman.com
Secondary:  julie@dunlapshipman.com

*Attorneys for Express Plumbing, Inc.*

## **CERTIFICATE OF LOCAL RULE 3.01(G) CONFERRAL**

Undersigned counsel has previously conferred in good faith to confer with counsel for Plaintiff on the relief requested herein but the parties have been unable to resolve the issues raised herein.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a copy of the foregoing has been filed and served through the Court's CM/ECF system on this 28th day of April, 2025, to all counsel and parties of record who are signed up to receive electronic service on this case

*/s/ Kayla M. Scarpone*
Attorney
